**Harlan HALL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 31, 1958.

Rehearing Denied April 25, 1958.

Harry M. Caudill, Whitesburg, Cordell Martin, Hindman, for appellant.

Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Asst. Atty. Gen., for appellee.

MOREMEN, Chief Justice.

Appellant, Harlan Hall, was convicted of maliciously shooting at and wounding another with intent to kill. He was sentenced to serve four years in the state reformatory.

The sole question on this appeal concerns whether the circuit court erroneously overruled appellant's motion for a new trial on the ground that Woolery Watts was a prejudiced juror.

Appellant, in an affidavit in support of his motion for a new trial, stated that juror Woolery Watts was the father-in-law of Morrell Jacobs, deceased, and the grandfather of Cecil Jacobs; that appellant was driving an automobile which accidentally had killed Morrell Jacobs, and Cecil Jacobs, as administrator of the estate of his father, had brought suit against appellant in the sum of $25,000; that affiant believed that Woolery Watts, under such conditions, could not have given him a

fair trial, and that the juror should have disqualified himself from service, all of which was unknown to appellant at the time of the trial.

An affidavit of Woolery Watts, which was filed, stated that Morrell Jacobs was formerly his son-in-law but that his daughter and deceased had been divorced for four or five years.

He further stated:

"That he did not know the person who ran over his former son-in-law, that he had heard that it was an Arlan Hall, that he did not know nor did it ever occur to him that Harlan Hall, the defendant in this case, was the man that ran over and killed the said Morrell Jacobs and that he did not know that a damage suit had been filed against the defendant, Harlan Hall."

The affidavit concluded with the statement that he was not biased against appellant, and was influenced in the rendition of the verdict only by the law and the evidence of the case.

Appellant filed a second affidavit in which he stated that the juror attended the funeral of his ex-son-in-law and knew, or should have known, that he had been killed by appellant's automobile.

It will be noticed that it is not claimed that the juror was interrogated about his relationship with his former son-in-law, and that he answered falsely. It is merely presented that a relationship created by law had existed and, because of it, bias, actual or implied, must be found.

Section 209 of the Criminal Code of Practice states that actual bias is the existence of such a state of mind on the part of the juror, in regard to the case, or to either party, as satisfies the court, in the exercise of a sound discretion, that he cannot try the case impartially and without prejudice to the substantial rights of the parties challenging. Section 210 de-

scribes conditions which imply bias. None of them exists here.

The trial court concluded from the affidavits filed that the juror did not know of this remote connection between him and appellant and correctly overruled the motion for a new trial.

We believe it is no more unusual that juror Watts did not know that appellant accidentally killed his ex-son-in-law than it is that appellant, on trial on a serious charge, did not know that juror Watts was the ex-father-in-law of the man he killed.

We have found no prejudicial error in the record.

Judgment affirmed.